(No. 88-CC-0315)

WILEY A. GLASS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 12, 1994.*

DESSEN & MOSES (MARY LEE BERRESHEIN, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (ERIN O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

OPINION

JANN, J.

This action was brought by Claimant pursuant to Section 8(b) of the Court of Claims Act. (705 ILCS 505/8(b).) Claimant alleges breach of a maintenance contract by the Illinois Department of Public Aid.

Claimant entered into a written contract with the Illinois Department of Public Aid on June 18, 1984. Mr. Glass was to perform janitorial and maintenance services

at 2036 South Michigan Avenue, Chicago, Illinois. The term of the contract was twelve (12) months beginning July 1, 1984, and ending June 30, 1985. There was an option to renew for an additional twelve-month period beginning July 1, 1985, through June 30, 1986.

The contract termination clause provided that the State could terminate the contract by providing 30-days written notice to the contractor. Any and all provisions of the contract were terminable by the State with 30-days written notice if performance by the contractor was found inadequate. The issue before us is whether the State gave adequate notice for termination of the contract due to inadequate performance by Claimant's company.

Claimant, Wiley Glass, d/b/a Service Rite Cleaners entered into a contract on June 18, 1984, to provide janitorial services to the Illinois Department of Public Aid at 2036 South Michigan Avenue. Claimant testified that he began service on July 2, 1984, and continued to perform until July 17, 1984. Claimant testified, and was not rebutted by the State, that he received notification on July 17, 1984 that in accordance with paragraph 6 of the contract, the State gave written notice that the contract would be terminated as of July 22, 1984. The termination notice was given by Ronald L. Parrish, chief, Bureau of Administrative Services. Claimant testified that he then engaged an attorney who negotiated with the Department of Public Aid (the Department) on his behalf and worked out an arrangement for him to return to the premises and continue janitorial services. The record reflects Claimant's acknowledgment of receipt of the termination notice and the arrangement for Claimant to be given a second chance to perform in a letter dated July 25, 1984, from Claimant's attorney. An August 1, 1984, letter from Ronald Parrish to Mr. Glass was entered into

evidence. In the letter, Mr. Parrish advised Claimant that the Department had agreed to provide Claimant's company a second chance to demonstrate its ability to perform janitorial services at 2036 South Michigan. The letter of August 1, 1984, further stated that service was to resume on August 6, 1984.

Mr. Glass further testified that his wife called the Department and stated that they would not return to the cleaning site. When further questioned under oath, Mr. Glass testified that he had made a decision not to return to the cleaning site despite the preceding agreement acknowledged in correspondence, to return to work on August 6, 1984.

The testimony clearly demonstrated that Claimant, after initial notification of termination for inability to adequately perform, agreed to a reformation of the contract and subsequently chose to voluntarily terminate performance thereunder. We hereby find Respondent did not breach its contract with Claimant. This claim is hereby denied.